UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMARIO ROBERT LATIMORE,

                  Plaintiff,          1:17-CV-00648 (MAT)

     -v-                      **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                  Defendant.
_____


## INTRODUCTION

Demario Robert Latimore ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner" or "Defendant"),[1] denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's decision is affirmed, Plaintiff's motion is denied, and Defendant's motion is granted.

_____

[1]
 Nancy A. Berryhill is no longer serving in this position. The Clerk of Court therefore is directed to substitute "The Commissioner of Social Security" for "Nancy A. Berryhill, Acting Commissioner of Social Security" as the defendant in this action. See 20 C.F.R. § 422.210(d).

**PROCEDURAL BACKGROUND**

On March 7, 2013, Plaintiff protectively filed for DIB, alleging disability beginning August 1, 2012. (Administrative Transcript ("T.") 125-31). The claim was initially denied on July 8, 2013, and Plaintiff timely requested a hearing. (T. 67, 79-80). A hearing was conducted on April 16, 2015, in Buffalo, New York by Administrative Law Judge Sharon Seeley ("the ALJ"). (T. 32-66). At the hearing, Plaintiff amended his application to seek benefits for a closed period from the alleged onset date through January 1, 2015. (T. 35). Plaintiff appeared with his attorney and testified. A vocational expert ("VE") also testified.

On February 2, 2016, the ALJ issued a decision finding Plaintiff not disabled. (T. 14-31). The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the closed period. (T. 19). At step two, the ALJ found that Plaintiff had the severe impairments of C5-6 herniation residuals and L4-5 and L5-S1 herniation sequelae with annular tears. (T. 20). At step three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (Id.). Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(a) with certain non-exertional restrictions. (T. 21). At step four, the ALJ determined that Plaintiff is unable to perform any of his past relevant work as a telemarketer and hand packager. (T. 26). At step five, the ALJ found that Plaintiff can perform the requirements of representative occupations such as a parking garage cashier (Dictionary of Occupational Titles ("DOT") No. 211.462-010, unskilled, light), small products assembler (DOT No. 706.684-022, unskilled, light), and assembler of electrical accessories I (DOT No. 729.687-010, unskilled, light), with approximately 800,000; 206,000; and 203,000 positions, respectively, in the national economy. (T. 27-28).

Plaintiff timely requested review of the ALJ's decision by the Appeals Council (T. 122-23), which denied his request for review on May 16, 2016, making the ALJ's decision the final decision of the Commissioner. (T. 1-3). Plaintiff instituted this action on July 14, 2017. (Docket No. 1).

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff's brief raises one ground for reversal, namely, that the ALJ failed to properly evaluate the opinion of treating physician Dr. Anthony Avellanosa, which resulted in an RFC unsupported by substantial evidence. Plaintiff asserts that while the ALJ purported to assign great weight to Dr. Avellanosa's opinion, the ALJ omitted without explanation the most favorable portions of the doctor's report from the RFC assessment. (Plaintiff's Brief (Docket No. 9-1) ("Pl's Br.") at 19). Plaintiff also asserts that the ALJ failed to provide "good reasons" for discounting Dr. Avellanosa's opinions, including the doctor's statement that Plaintiff was "totally disabled." (Pl's Br. at 20).

With regard to Dr. Avellanosa's description of Plaintiff as "totally disabled," the regulations clearly reserve the determination of whether a claimant is disabled to the Commissioner. 20 C.F.R. § 404.1527(d)(1). This Circuit has repeatedly held that "'[a] treating physician's statement that a claimant is disabled cannot itself be determinative.'" Claymore v. Astrue, 519 F. App'x 36, 38 (2d Cir. 2013) (summary order) (quoting Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); alteration in original). The Commissioner is "responsible for

making the determination or decision whether [the claimant] meet[s] the statutory definition of disability." Id. (citing 20 C.F.R. § 404.1527(d)(1)). A review of the record reveals that the ALJ did not err in assigning these statements little weight.

The Court turns next to Plaintiff's contention that the ALJ failed to reconcile the conflict between the portions of Dr. Avellanosa's opinion which she accorded great weight and the ALJ's ultimate RFC finding. Here, Dr. Avellanosa issued two opinions in regards to Plaintiff's limitations. First, on December 12, 2012, Dr. Avellanosa opined that Plaintiff should not lift any objects weighing more than 5 to 10 pounds and should not perform repeated flexion and extension movements of the cervical spine and lumbar spine. (T. 275). Thereafter, on January 15, 2013, Plaintiff returned to Dr. Avellanosa for follow-up and requested to return to work without restrictions by February 26, 2013. However, Dr. Avellanosa deferred that decision to Plaintiff's primary care physician Dr. Horace M. Rosteing, who cleared Plaintiff to return to "regular work" on May 31, 2013. (T. 259). Dr. Avellanosa continued to opine that Plaintiff should not lift any objects weighing more than 5 to 10 pounds and should not perform repeated flexion and extension movements of the cervical spine and lumbar spine. (T. 471).

The ALJ indicated that she gave "great weight" to the opinion of Dr. Avellanosa "limiting the claimant to lifting ten pounds and doing no repeated flexion [and] extension of [his] neck *as of the date on which it was rendered* based on his treating relationship with the claimant." (T. 25 (emphasis supplied)). Although the ALJ found Dr. Avellanosa's opinions to be supported by the evidence, it was limited to the time he issued those opinions, which covered the period of late 2012 to early 2013. (T. 25, 271, 275). The ALJ explained that Dr. Avellanosa's opinions were issued "only a few months after the claimant's injury, which obviously does not reflect his limitations after improvement." (T. 25). Plaintiff contends that this does not constitute a "good reason" for limiting the applicability of Dr. Avellanosa's opinion to a brief period of time.

It is proper for an ALJ to consider the consistency of a treating source's opinion with the record as a whole in determining the weight to be accorded to that opinion. See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) ("[T]he opinion of the treating physician is not

7

afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts.") (citation omitted). Here, Plaintiff's longitudinal medical records support the ALJ's statement that his condition improved substantially over time with conservative treatment. (T. 23-24). Indeed, Dr. Avellanosa concluded that Plaintiff had already improved by the time he issued his opinion in January 2013. Dr. Avellanosa had originally opined that there was "a high probability that [Plaintiff's] condition [would] get worse in time." (T. 274). However, by January 15, 2013, he reported that Plaintiff was "fully active and ambulatory," and that his pain had "improved by as much as 80%." (T. 23, 270-71). In fact, Plaintiff even requested a release letter at that appointment because he wished to return to his usual work by February 26, 2013, without any restrictions. (T. 270).

In addition, chiropractor D. Jordan Conrad, D.C., who treated Plaintiff conservatively with regular adjustments and massage therapy, repeatedly noted that Plaintiff "exhibits 0% disability" at appointments from March 2013, through May 2013. (T. 23-24, 352, 354, 356, 362, 364, 366, 368, 370, 372, 374, 376, 378). By October 23, 2013, Plaintiff told Dr. Conrad that his

neck and back pain had improved since he began treatment. (T. 434). Dr. Conrad reported no strength changes, and Plaintiff's neck movement was "observed to be normal." At that appointment, Plaintiff displayed a total range of motion of 94% in his cervical spine and 91% in his lumbar spine. (T. 435). Initially, Plaintiff had displayed a total range of motion of 66% in his cervical spine and 62% in his lumbar spine. (T. 301). Dr. Conrad noted that Plaintiff's symptoms had improved such that "[m]ild pain behavior [was] noticed," only "[m]ild pain" was suggested during lumbar spine testing, and straight leg raising testing was negative. (T. 435-436).

On June 14, 2013, during her clinical evaluation of Plaintiff, consultative physician Dr. Donna Miller noted improvements in his lumbar and cervical spine. (T. 288-91). Although Plaintiff refused to perform a cervical spine extension, his cervical flexion range of motion was forty-five out of fifty. (T. 291). Straight leg raise testing was negative bilaterally. (T. 290). Moreover, his lumbar spine X-rays were "normal.". (T. 291). Plaintiff also exhibited normal strength in his upper and lower extremities and indicated that heat and pain medicine helped alleviate his lower back and neck pain. (Id.). Dr. Miller opined that Plaintiff has "mild to moderate limitation[s] with

heavy lifting, bending, carrying, reaching, pushing, and pulling." (T. 291).

Continued improvement was also observed by Gary J. Kostek, D.C., who conducted an independent chiropractic examination of Plaintiff on December 9, 2013, in connection with his auto insurance claim. (T. 444-47). Plaintiff alleged low back pain bilaterally, worse when sitting, and pain and tightness in his lower back. Walking and changing positions sometimes helped relieve his pain. Plaintiff did not complain of any pain, numbness, or tingling in his extremities. Similar to Dr. Miller's findings, Dr. Kostek's examination revealed normal motor strength (5/5) in the upper and lower extremities, normal deep tendon reflexes, and a normal gait. Dr. Kostek opined that Plaintiff can perform "light-duty" work, but he should not lift more than ten to fifteen pounds; should avoid repetitive bending, lifting, or twisting; and should have the ability to change positions on a regular basis. (T. 447). Dr. Kostek also indicated that Plaintiff had no muscle spasms in his cervical, thoracic, or lumbar regions. (T. 445). He reported that Plaintiff had reached an endpoint in his chiropractic treatment and that there was no medical necessity for any additional diagnostic testing, massage

therapy, durable medical equipment, household help, or transportation assistance. (T. 447)

A review of other medical opinions in the record shows that they are consistent with the ALJ's statement regarding Plaintiff's improvement in his lumbar and cervical spine conditions over time.

Plaintiff further argues that the ALJ failed to reconcile the conflict between Dr. Avellanosa's specific opinions that Plaintiff cannot "lift greater than five to ten pounds" and cannot "perform repeated flexion and extension movements of the cervical spine and lumbar spine," with the RFC assessment for a range of light work. Plaintiff asserts that while the ALJ purported to give these limitations "great weight," she nevertheless failed to explain why she adopted a less restrictive lifting limitation and did not include a limitation on bending in the RFC.

The two limitations identified by Plaintiff appear to be inconsistent with the RFC assessment, which provides for a range of light work. Assuming that the ALJ erred, the Court finds that any error was harmless. See Younes v. Colvin, No. 1:14-CV-170 DNH/ESH, 2015 WL 1524417, at *8-*9 (N.D.N.Y. Apr. 2, 2015) (finding that the ALJ erred in failing to provide sound reason

for weighting portions of the same treating source's opinions differently but declining to remand because the error was harmless) (citing <u>Johnson v. Bowen</u>, 817 F.2d 983, 986 (2d Cir. 1987)).

Plaintiff bore the burden of establishing that he had a disabling impairment which had lasted or was expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. Dr. Avellanosa issued his most recent, disability-supporting opinion on January 15, 2013. Assuming that this opinion applied from the date of onset to the date it was issued, it only covered a period of four months (August 2012, to January 2013). Yet, Plaintiff continued to improve during the remainder of the closed disability period.

By June of 2013, Dr. Miller indicated that Plaintiff had "mild to moderate" limitations in "heavy lifting, bending and pushing." Courts in this Circuit have found that limitations similar to those expressed by Dr. Miller to be consistent with the exertional requirements of light work. <u>See</u>, <u>e.g.</u>, <u>Gurney v. Colvin</u>, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (holding that ALJ's RFC for light work accounted for consultative physician's opinion that the plaintiff had moderate limitations with respect to "repetitive heavy lifting, bending,

reaching, pushing, pulling, or carrying") (collecting cases). To the extent that Plaintiff criticizes Dr. Miller's opinion as insufficiently specific, "[t]he use of phrases such as 'moderate' or 'mild' by a consultative examiner does not automatically render the opinion impermissibly vague." Rosenbauer v. Astrue, 12-CV-9960, 2014 WL 4187210, at *42 (W.D.N.Y. Aug. 22, 2014); see also Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 43 (2d Cir. 2013) (summary order) (holding that consultative examiner's opinion that claimant had "mild to moderate limitations," including in pushing, pulling, or heavy lifting was sufficient, coupled with other evidence to support the ALJ's RFC).

Although examining chiropractor, Dr. Kostek opined that Plaintiff could lift 10 to 15 pounds, which was a "slightly lower lifting restriction" than found by Dr. Miller, the ALJ chose to give Dr. Miller's opinion greater weight because she was an acceptable medical source. (T. 25). As the ALJ observed, Dr. Kostek's opinion was otherwise "generally consistent . . . with the opinion of Dr. Miller[.]" (T. 25). The ALJ additionally considered that Plaintiff testified to returning to work briefly in January 2013, but had to leave because the only position available required him to lift up to 30 pounds. (T. 45-46). The ALJ's RFC assessment for a range of light work is not

inconsistent with Plaintiff's testimony, since it does not require Plaintiff to lift more than 20 pounds occasionally.

Substantial evidence, including the opinion of consultative physician Dr. Miller, supports the ALJ's RFC assessment.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision. The decision was supported by substantial evidence and any error in weighing Dr. Avellanosa's opinion was harmless. Accordingly, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied, and the Commissioner's motion for judgment on the pleadings (Docket No. 11) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    September 27, 2018
          Rochester, New York